UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

MELISSA RICHARDSON,

                Plaintiff,

v.

VALLEY CREDIT SERVICE, INC. (an active
Oregon corporation); GREGORY
HAMMACK; BETTYE HAMMACK;
RYAN E. GIBB; GARMIN USA, INC.;
(an active Kansas corporation); and JOHN
DOEs 1 through 10,

                Defendant.

6:13-cv-2271-TC

FINDINGS & RECOMMENDATION

COFFIN, Magistrate Judge:

Pro se plaintiff, Melissa Richardson, brings this action alleging claims under the Fair Debt Collection Practices Act (FDCPA), the Fair Credit Reporting Act (FCRA) as well as state law claims for fraud, breach of contract, failure to pay wages due, and negligence.

Plaintiff alleges that defendant Valley Credit Services and its principals, defendants Greg Hammack and Bettye Hammack, caused a writ of garnishment to be served on plaintiff's employer, defendant Garmin Inc., through Valley's attorney defendant Ryan Gibb. Plaintiff further alleges that the writ, "issued under the auspices of the Justice Court of Marion County, Oregon, was obviously

Page 1 - FINDINGS & RECOMMENDATION

intended for an individual other than plaintiff, in that it identified as 'defendant' and garnishment debtor therein, a person with a full legal name other than Plaintiff's, and utilized as an additional identifier, a Social Security Number (SSN) which was completely dissimilar from plaintiff's actual SSN." Complaint (ECF #1 at ¶ 5). Plaintiff alleges that defendant Garmin then illegally withheld the amount of $477.58 based on the writ.

Defendants Valley Credit Services and Richard and Bettye Hammack seek summary judgment as to all claims as does defendant Ryan Gibb. While the court provided plaintiff with a summary judgment advisement following the filing of the Valley defendants' summary judgment motion, other than providing a copy of a January 31, 2014 letter she wrote to counsel for the Valley defendants, plaintiff has not formally responded to either summary judgment motion.

## BACKGROUND

Defendants submissions establish, and plaintiff fails to adequately dispute:

Valley Credit services sent several notices to plaintiff related to medical services provided by Salem Hospital and Pacific Pathology in 2004 and 2005. Plaintiff did not respond to the notices. Valley Credit initiated a municipal court action and served plaintiff in about June of 2005. Valley Credit obtained a judgment on July 11, 2005. Valley Credit issued a writ of garnishment to plaintiff's then employer (with an incorrect social security number listed) and sent a copy to plaintiff based on that judgment. No challenge to the writ was made.

On November 29, 2012, Valley Credit added Garmin as plaintiff's place of employment to its file. On December 4, 2012, Valley Credit issued a writ of garnishment (also with the mistaken social security number) to Garmin based on the July 11, 2005 judgment and sent a notice to plaintiff. No challenge to the writ was made.

Page 2 - FINDINGS & RECOMMENDATION

On December 28, 2012, plaintiff contacted Valley Credit to dispute the July 11, 2005 judgment. On January 28, 2013, Valley Credit received $261.28 from Garmin in response to the December 28, 2012 writ.[1] Valley Credit filed a satisfaction of judgment to the court for the July 11, 2005 judgment on March 31, 2013.

In 2009, 2010 and 2012, Valley Credit sent several notices to plaintiff regarding medical bills from Salem Radiology, South Sound Inpatient Physicians and Willamette Valley Professional Services. Plaintiff did not respond to the notices.

On March 27, 2013, Valley Credit initiated an action in Marion County Circuit Court based on these accounts and served plaintiff. Plaintiff filed an answer and Valley Credit obtained a judgment through court mandated arbitration on August 23, 2013.

## DISCUSSION

Plaintiff's complaint, in essence, challenges the bases for the December 4, 2012 writ, which is the July 11, 2005 state court judgment. However, a lower federal court "may not act as an appellate tribunal for the purpose of overruling a state court judgment . . ." Texaco, Inc. v. Pennzoil Co., 784 F.2d 1133, 1152 (2nd Cir. 1986). See also Rooker v. Fidelity Co., 263 U.S. 413 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983).

If claims raised in federal court are inextricably intertwined with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules, then the federal complaint must be dismissed for lack of subject matter jurisdiction. See Feldman, 460 U.S. at 483 n. 16. As a court

---

[1] Plaintiff alleges that there her pay was garnished on December 28, 2012 in the amount of $261.28 and on January 11, 2013, in the amount of $216.30.

Page 3 - FINDINGS & RECOMMENDATION

of original jurisdiction, this court has no authority to review the final determinations of the Salem, Oregon municipal court's judicial proceedings. Worldwide Church of God v. McNair, 805 F.2d 888, 890 (9th Cir. 1986).

The State of Oregon has established procedures for the issuance and challenge of writs of garnishment found at O.R.S. § 18.600 to § 18.850. Plaintiff became aware of the subject writ at least as early as December 28, 2012. Complaint (ECF #1) at ¶ 25. Plaintiff did not assert a challenge to the writ as directed by O.R.S. § 18.700 which outlines the method for challenging the writ. Nor did plaintiff take any steps to challenge the underlying state court judgment. However, this court would have to, in effect, invalidate the state court judgment to find in favor of plaintiff on any of her claims. The court lacks jurisdiction to provide such relief and therefore the court should dismiss this action.

Although plaintiff has not properly responded to the motions for summary judgment, to the extent that she would argue that she was not the underlying defendant,[2] the claims still fail.

Plaintiff alleges defendants violated the FDCPA, 15 U.S.C. § 1692(g), by failing to validate the debt, provide a validation notice, and cease collection activities pending validation. However, plaintiff alleges herself out of these claims because she asserts that none of the defendants sent her notice of the garnishment triggering such obligations. See 15 U.S.C. § 1692g (a) (within five days after the initial communication with a consumer a debt collector shall ...) (emphases added); Complaint (ECF #1 at ¶ 25) (defendants failed to deliver the writ of garnishment to plaintiff). Nonetheless, defendant Valley Credit Services demonstrates that it sent all required information to

---

[2]In her letter to the Valley defendants' counsel, plaintiff writes, "if - as I allege - the judgment was not against myself, but against another similarly named individual" the preclusive effect of the judgment is irrelevant. (ECF# 23). However, plaintiff may not rely on allegations in her complaint to defeat summary judgment and has not, for instance presented a copy of the judgment or other evidence to demonstrate she was not the defendant in the underlying action. Morever, plaintiff has not even alleged why she failed to challenge the December 2012 writ under O.R.S. § 18.700.

Page 4 - FINDINGS & RECOMMENDATION

plaintiff regarding all accounts before later obtaining judgments and that plaintiff failed to dispute any of the debts in writing as required. Accordingly, plaintiff was not entitled to validation of the debts. 15 U.S.C. § 1692g(b) (if the consumer notifies the debt collector in writing ...). Moreover, plaintiff was not entitled to cessation of debt collection activities because she did not dispute the debts within 30 days of the initial notice. 15 U.S.C. § 1692g(b) (30 days to dispute the debt).

Plaintiff alleges that defendants violated the FCRA by placing a negative notation in plaintiff's Trans-Union credit file in violation of 15 U.S.C. 1681s-2(a)(1)(A). However, there is no private right of action for such violation. 15 U.S.C. § 1681s-2(c)(1); Nelson v. Chase Manhattan Mortgage Corp., 282 F.3d 1057, 1059.[3]

Plaintiff also alleges that defendants violated 15 U.S.C. § 1681s-2(b)(1) by failing to conduct an investigation after receiving a notice of dispute from a consumer. However, defendants have provided affidavits or declarations demonstrating that they have not furnished any information to credit reporting agencies. The required notice to trigger the investigation must come from the credit reporting agency at any rate, which plaintiff has not even alleged and defendants have provided affidavits/declarations that no such notice occurred. See 15 U.S.C. § 1681s-2(b)(1) (after receiving notice pursuant to portion of statute requiring prompt notice from credit reporting agency of dispute...).

Although defendants also demonstrate why plaintiff's state law claims fail, the court should decline to exercise jurisdiction over those claims given the Rooker-Feldman jurisdictional issues and lack of any federal claims, even assuming the court can entertain the FDCPA and FCRA claims, because those claims fail as noted above.

---

[3]Enforcement for this violation shall be exclusively conducted by the relevant federal agencies. 15 U.S.C. § 1681s-2(d).

Page 5 - FINDINGS & RECOMMENDATION

When the federal claims are dismissed before trial, it is wholly within the district court's discretion to dismiss the state claims. United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966); see also Schneider v. TRW, Inc., 938 F.2d 986, 993-94 (9th Cir. 1991). The court has not invested its judicial energies to such an extent that would justify retaining jurisdiction. See Schneider, 938 F.2d at 994; Wren v. Sletten Const. Co., 654 F.2d 529, 536 (9th Cir. 1981). Nor is it apparent that judicial economies would be served by retaining jurisdiction over this case. See Schneider, 938 F.2d at 994. In weighing issues of economy, convenience, fairness, and comity, the court should decline to retain supplemental jurisdiction over the remaining state law claims and this case should be dismissed.

## CONCLUSION

For the reasons stated above, defendants' motions for summary judgment (ECF #s 17 and 21) should be granted and this action should be dismissed. All other pending motions should be denied as moot.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties shall have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determination of the Magistrate Judge will be considered as a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment

entered pursuant to this recommendation.

DATED this _____ day of June, 2014.

THOMAS M. COFFIN
United States Magistrate Judge

Page 7 - FINDINGS & RECOMMENDATION